BRIDGES, J.,
for the court:
¶ 1. On June 28, 1995, following indictments by the grand jury, Donnie Singleton pled guilty to three counts of altered money orders with intent to utter. Singleton was sentenced to eight years on each charge with those sentences to run concurrently with each other and to run consecutively with the sentence that he was already serving. At the time Singleton’s guilty pleas were entered, he was serving consecutive sentences of thirty-five years, five years, and one year and there were no motions that followed the plea hearing. On April 12, 2002, Singleton filed a motion for post conviction relief, in Sunflower County, nearly seven years after the entry of his guilty pleas. The Circuit Court denied the motion as time-barred. Hé now files his appeal thereof.
¶ 2. The appellant asserts that the Circuit Court of Sunflower County lacked jurisdiction to prosecute him because he was found in possession of U.S. Postal Service money orders and he should have been tried in federal court. Next, Singleton asserts ineffective assistance of counsel for failure to object to the proceedings and to the indictment. Lastly, Singleton asserts that since he is raising “constitutional” issues, his motion for post-conviction relief is not time-barred.
¶ 3. The State asserts that Singleton’s merely raising an ineffective assistance of counsel claim is insufficient to surmount the procedural bar of the statute of limitations. Second, the State asserts that Singleton failed to assert any statutory exception which might allow him to overcome the time bar.
STATEMENT OF ISSUES
I. WHETHER THE CIRCUIT COURT OF SUNFLOWER COUNTY HAD JURISDICTION TO PROSECUTE THE APPELLANT.
II. WHETHER THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
*817 III. WHETHER THE APPELLANT’S MOTION FOR POST CONVICTION RELIEF WAS TIMED-BARRED PURSUANT TO MISS. CODE ANN. § 99-39-5(2).
STANDARD OF REVIEW
¶ 4. “When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595(¶ 6) (Miss.1999).
ANALYSIS
¶ 5. Singleton claims that the trial judge erred in finding that his claims of lack of jurisdiction and ineffective assistance of counsel during his guilty pleas way back in 1995 were time-barred. He asserts that his case was not time-barred from review because he was raising constitutional issues. Concerning the jurisdictional issue, this claim has absolutely no merit. The six count indictment was returned in state court, and the Circuit Court of Sunflower County had jurisdiction to entertain Singleton’s pleas of guilty to three of the six counts.
¶ 6. In the case of Luckett v. State, 582 So.2d 428, 430 (Miss.1991), where Issue V was “whether appellant was subjected to ineffective assistance of counsel,” the court stated:
Issue Numbers II, III, IV and V are timed barred. Miss.Code Ann. § 99-39-5(2) (Supp.1990). Individuals (as Luck-ett) convicted prior to April 17, 1984, had three (3) years from April 17, 1984, to file their petition for post-conviction relief. Freelon v. State, 569 So.2d 1168 (Miss.1990); Odom v. State, 483 So.2d 343 (Miss.1986). Luckett’s application was filed more than nine years subsequent to the entry of his guilty pleas. No appeal or other pleadings for relief was filed by him prior to the application presented, and no exceptions to this procedural bar are applicable.
See also Bevill v. State, 669 So.2d 14, 17 (Miss.1996), (defendant’s merely raising ineffective assistance of counsel claim was insufficient to surmount procedural bar to his untimely post conviction petition). However, “errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration.” Bevill, 669 So.2d at 17. See, e.g., Luckett v. State, 582 So.2d 428 (Miss.1991) (denial of due process in sentencing merited exception from the three year time limit of Miss.Code Ann. § 99-39-5); Smith v. State, 477 So.2d 191 (Miss.1985) (denial of due process in sentencing merited exception from the rule that questions not raised in the trial court cannot be raised for the first time on appeal).
¶ 7. As Singleton originally pled guilty in 1995 and this action was not filed until 2002, the first thing this Court must address is whether this action is time-barred by post-conviction statues. Section 99-39-5(2) of the Mississippi Code Annotated states:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
Miss.Code Ann. § 99-39-5(2) (Rev.2000). In Odom v. State, 483 So.2d 343, 344 (Miss.1986), we find the following language: “those individuals convicted after April 17, *818 1984, generally have three (3) years in which to file a petition for relief as provided for in the UPCCRA. Miss.Code Ann. § 99-39-5(2) (Supp.1985).” However, there are several instances in which a case is exempted from this deadline and they are; (1) when an intervening decision has been handed down by the Supreme Court of the State of Mississippi or the United States and would adversely affect the conviction; (2) the prisoner has new evidence which would have been conclusive if offered at trial; (3) where a prisoner claims his sentence has expired; (4) or when a prisoner’s probation, parole, or conditional release has been revoked. Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 8. Singleton, therefore, would have had three years from June 28,1995, in which to file a timely petition for post-conviction relief, making June 28, 1998, the last date in which a post-conviction petition could be filed. Singleton filed the current petition in 2002, four years after the three year statutory period had expired. Furthermore, Singleton’s petition does not include any of the instances in which his ease would have been exempted for this deadline. Because of this, Singleton’s petition in this case is barred by the statute of limitations, and the other issues he brings here are barred as well.
¶ 9. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING WITH PREJUDICE THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.