863 So.2d 59 (2003)
Jim H. AUSTIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01740-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Rehearing Denied January 13, 2004.
*60 Jim H. Austin, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. Jim H. Austin entered a guilty plea to a single count of rape in the Lee County Circuit Court on May 22, 1997. In March of 2002, Austin sought post-conviction relief on the grounds that his guilty plea was not knowingly, intelligently and voluntarily made, he was denied effective assistance of counsel, the plea agreement was breached by the State, and the indictment was defective. The circuit court dismissed the petition finding that it was time barred. We agree.

STATEMENT OF FACTS
¶ 2. On February 1, 1996, Austin was indicted by a Lee County grand jury on a single count of rape as a habitual offender, pursuant to Mississippi Code Annotated Section 99-19-81. According to a plea agreement between the State and Austin, the State dropped the habitual offender portion of the charge and a second charge of jail escape. On May 22, 1997, Austin pled guilty to rape. The plea was accepted. Upon the State's recommendation, Austin was sentenced to serve a thirty year sentence in the custody of the Mississippi Department of Corrections. More than three years later, in March of 2002, Austin filed a pro se motion for post-conviction relief pursuant to Mississippi Code Annotated Section 99-39-5 (Rev.2000). Austin argued four points of error: his guilty plea was not knowing, intelligent and voluntary; he was denied effective assistance of counsel; the State breached the plea agreement; and the indictment was defective. The circuit court denied the relief as time barred. Austin appeals arguing the same four issues.

STANDARD OF REVIEW
¶ 3. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

LEGAL ANALYSIS
¶ 4. The trial court properly denied Austin's motion for post-conviction relief as being time barred. The Mississippi Uniform Post-Conviction Collateral Relief Act states that motions for post-conviction relief from guilty pleas shall be made *61 "within three years after entry of the judgment of conviction." Miss.Code Ann. § 99-39-5(2) (Rev.2000). Since Austin pled guilty on May 22, 1997, and his motion for relief was filed on March 26, 2002, his claim is time barred. The latest possible date that Austin could file his motion for post-conviction relief was May 22, 2000. Unless a prisoner's claims fall within one of the three statutory exceptions, his petition for post-conviction relief is time barred. Bevill v. State, 669 So.2d 14, 17 (Miss.1996).
¶ 5. Austin's first claim is that his guilty plea was not knowingly, intelligently and voluntarily made. This claim falls squarely into the type of claim that the post-conviction statute requires to be made within three years. The statute reads, "Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims: (f) That his plea was made involuntarily" shall bring a motion for relief within three years. Miss.Code Ann. § 99-39-5(1)(f) (Rev.2000); see also Wallace v. State, 823 So.2d 580, 582 (¶ 5) (Miss.Ct.App.2002) (citing Kirk v. State, 798 So.2d 345, 346(¶ 6) (Miss.2000)). Austin asserts that his plea was not knowing, intelligent and voluntary because he was not informed that upon pleading guilty to a sex offense, Austin would no longer be eligible for parole. See Miss.Code Ann. § 47-7-3 (Rev.2000).
¶ 6. Austin argues that the trial court and his attorneys never informed him of what he refers to as the "mandatory minimum" sentence according to Mississippi Code Annotated Section 47-7-3(b). This Court in White v. State, 751 So.2d 481 (Miss.Ct.App.1999), remanded the case for an evidentiary hearing based on the petitioner's claims that he was erroneously informed of his parole eligibility. Austin makes a similar claim when he states that his attorney erroneously told him that he would only have to serve twenty-five percent of his sentence and that the plea agreement was a good one. It should be noted, however, Austin cannot decide which percentage of his sentence he believed he had to serve. In one place in his brief, Austin states his attorney told him twenty-five percent, in another place Austin mentions fifty percent. Regardless, the primary distinction between White and the present case is that White's claim was not time barred and Austin's is. The Court did not have to reach the time bar issue in that case. The majority stated, "A petitioner is entitled to an in-court opportunity to prove his claims if the claims are procedurally alive and show a substantial denial of a state or federal right." Id. at 483(¶ 4) (citing Washington v. State, 620 So.2d 966, 967 (Miss.1993)). In this case, Austin's claim on the voluntariness of his plea is not procedurally alive. Our case law has repeatedly held that once a prisoner's claims are time barred, they must fall into one of the enumerated exceptions to remain viable. Patterson v. State, 594 So.2d 606, 608 (Miss.1992); Singleton v. State, 840 So.2d 815, 818(¶ 8) (Miss.Ct.App. 2003). Austin's claim on the voluntariness of his plea is time barred.
¶ 7. Austin's second claim is that he received ineffective assistance of counsel due to his attorney's failure to inform him that his sentence would be served without parole and misinforming him that he would be eligible for parole after a certain period of time. This claim also falls within the type of claim that the statute requires to be brought within three years of the guilty plea. Miss.Code Ann. § 99-39-5(1)(a) (Rev.2000); see also Kirk v. State, 798 So.2d 345, 346(¶ 6) (Miss. 2000). Austin relies on the case of Luckett v. State, 582 So.2d 428 (Miss.1991), when he asserts that his claim should not be subject to the three-year procedural limit. *62 That case stated, "Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration...." Id. at 430. However, in Bevill v. State, 669 So.2d 14, 17 (Miss.1996), the court stated that merely raising a claim of ineffective assistance of counsel by itself is not enough to overcome the procedural bar. Also, "a state may attach reasonable time limitations to the assertion of federal constitutional rights." Cole v. State, 608 So.2d 1313, 1319-20 (Miss.1992). The record clearly reflects that the trial judge questioned Austin regarding his satisfaction with his counsel. Austin did not voice any complaints at that time. Austin responded in the affirmative on the question as to whether he was satisfied with his counsel. Austin has provided no other evidence beside his own version of the facts to support his claim of ineffective assistance of counsel. This issue is also time barred.
¶ 8. Austin's third claim that the State breached the plea agreement and his fourth claim of defective indictment both must be brought within the three-year window. See Golmon v. State, 844 So.2d 1178 (Miss.Ct.App.2003). Austin failed to file his motion for post-conviction relief during the three year statutory limit, so these issues are likewise time barred.
¶ 9. To circumvent the three-year rule, Austin must demonstrate that his claim falls within one of the statutory exceptions. The statute provides several exceptions to the three-year rule. The exceptions include cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such a nature that it would be practically conclusive had it been introduced at trial and would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 10. For the first time on appeal, Austin alleges that he has newly discovered evidence and thus his motion for post-conviction relief should be granted. Austin argues that his new evidence is that as a convicted sex offender, Austin was not eligible for parole, and hence his thirty-year sentence was mandatory. See Miss. Code. Ann. § 47-7-3 (Rev.2000). This Court stated in Frost v. State, 781 So.2d 155, 158(¶ 7) (Miss.Ct.App.2000), "A claim of ignorance of the law is not considered newly discovered evidence." While Austin claims he was unaware of the applicable statute until he was serving his sentence in the state penitentiary, the statute was in existence at the time of Austin's guilty plea. To fit into the exception, the newly discovered evidence must be of such a nature that it "could not have been discovered by the exercise of due diligence at the time of trial, as well as being almost certainly conclusive that it would cause a different result." Id. Austin's claim does not fit this narrow exception.
¶ 11. We hold that Austin's issues do not rise to the level of having violated a fundamental constitutional right. The record reveals that during the plea colloquy, Austin was questioned at length by the trial judge on whether Austin understood the rights he was waiving by pleading guilty. Austin affirmed that he understood the waiver and that no one induced him to plea nor promised him anything in return for the plea. Austin was afforded the opportunity to ask questions about the *63 State's indictment, his sentence and the guilty plea. Austin did not take advantage of that opportunity. Also, Austin was asked by the trial judge whether he was satisfied with his representation. Austin replied in the affirmative. It is only now that Austin raises objections to his plea, his counsel, the plea agreement and the indictment. Unfortunately, Austin's time for raising his objections as a basis for post-conviction collateral relief has passed. Since Austin's issues are time barred and no statutory exceptions apply, the trial court properly denied Austin's motion for post-conviction relief.
¶ 12. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.