GRIFFIS, J.,
for the Court.
¶ 1. This is an appeal of a circuit court’s dismissal of Junior Lee Bass’ motion for post-conviction relief. We affirm.
FACTS
¶ 2. On March 5, 1993, Junior Lee Bass pled guilty to the crime of false pretenses and was then sentenced to three years suspended and three years of supervised probation. The suspended sentence was later revoked. Two years later, Bass was convicted of murder, and as a habitual offender, he was sentenced to life in prison.
¶3. Bass has filed a motion for post-conviction relief on three separate occasions, all of which were denied. According to the first order denying leave to seek post-conviction relief, Bass filed a direct appeal following the murder conviction. He asserted error that the evidence was insufficient to support his conviction, that the coroner should not have been allowed to testify, and that he received ineffective assistance of counsel. This Court considered each of these issues and affirmed Bass’ conviction. Bass v. State, No. 95-KA-00665-COA, 700 So.2d 337 (Miss.Ct. App. Sept. 9, 1997) (unpublished opinion).
¶ 4. Thereafter, Bass filed another motion for post-conviction relief, which raised the same three issues. The Mississippi Supreme Court found the issues barred by res judicata and denied the application, by order, under file No. 1998-M-00804.
¶ 5. In February of 2001, Bass filed yet another motion for post-conviction relief. He attempted to challenge one of his previous convictions, which enhanced his murder conviction. The Mississippi Supreme Court held that it was without jurisdiction to consider the matter since the prior petition barred consideration of the application by Bass and, again, dismissed the petition by order under file No. 2001-M-00254.
¶ 6. Bass then filed a motion for an out-of-time appeal. On April 11, 2003, the trial court denied the motion as a successive petition. Bass now appeals and, yet again, *1189 attempts to challenge the sufficiency of the evidence, the judge’s authority to impose a life sentence, and ineffective assistance of counsel.
¶ 7. We find the motion for post-conviction relief to be both proeedurally barred and without merit. We affirm the trial court.
STANDARD OF REVIEW
¶ 8. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1160(¶3) (Miss.Ct.App.2002).
DISCUSSION

I. Whether Bass presented his petition to the Court in a timely manner.

¶ 9. The motion before the Court is proeedurally barred by the statute governing post-conviction relief petitions. Mississippi Code Annotated Section 99-39-5(2) (Rev.2000) provides:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
¶ 10. Bass was convicted of murder on March 24, 1995. Bass’ initial motion for post-conviction relief was denied on April 3, 1998. A second petition for relief was denied on May 26, 1998, and a final post-conviction relief motion was filed on December 6, 2000. The three motions were properly denied by the trial court given the failure by Bass to assert the petitions within the statutory period of three years.
¶ 11. Following the denial of the post-conviction relief petitions, Bass filed an appeal with the Mississippi Supreme Court and was again denied relief. Bass likewise seeks relief through this second petition for a out-of-time appeal. This petition is a successive petition and it is consequently barred. Given the previous denial of Bass’ application for relief in 2001, his petition for an out-of-time appeal is barred since the previous motion was acted upon by the Court. Miss.Code Ann. § 99-39-27(9) (Supp.2003).
¶ 12. There are three statutory exceptions to the time bar for post-conviction relief motions. First, there is an exception if the petitioner can demonstrate an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence. A second exception exists where the petitioner has evidence that was not reasonably discoverable at the time of trial. However, to support this evidentiary exception, the evidence must be of such nature that it would be practically conclusive that had such evidence been introduced at trial it would have caused a different result in the conviction or sentence. A final exception is provided for cases where the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-5(2) (Supp.2003).
¶ 13. We find that Bass is proeedurally barred from prosecuting this appeal. Bass was convicted of murder on March 24, 1995. His initial motion for post-conviction relief, followed by two subsequent petitions, was denied on May 26, 1998, more than three years after the conviction in *1190 violation of the statutory period. Miss. Code Ann; § 99-39-5(2) (2003). Given the failure of Bass to assert his motion within the statutory time period and his failure to establish a clqim within one of the three recognized exceptions, the trial court judge properly dismissed his motion. We therefore affirm the trial court’s denial of post-conviction relief in this case. We will, however, address the arguments asserted by Bass.

II. Whether the trial court erred in denying Bass’ motion for post-conviction relief on the grounds that the verdict was against the weight of the evidence.

¶ 14. Bass argues that the verdict was against the weight of the evidence. He argues that, there were no witnesses to the murder and that the State failed to establish a motive. “It is an appellant’s duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct.” American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995); see also Ross v. State, 603 So.2d 857, 861 (Miss. 1992). Facts alleged to exist by Bass must, be proved and placed before this Court by a record certified as required by law; otherwise we cannot know of their existence. Phillips v. State, 421 So.2d 476 (Miss. 1982). Bass fails to support his allegations by facts established within the record. He merely asserts the existence of his claims within his brief which alone, this Court cannot rely upon:
¶ 15. We are limited by the record before us on appeal. Without a record, this Court is unable to determine whether the weight of the evidence supports the verdict. Bass has failed to establish the facts he asserts support his argument. Therefore, the trial court must be deemed correct in the holding that the factual basis for the conviction of Bass existed. We find no merit to this issue.

III. Whether the trial judge had the authority to impose a life sentence on Bass given his status as a habitual offender.

¶ 16. Bass next contends that the trial court incorrectly sentenced him as a habitual offender. Bass asserts that the trial court did not have the authority to sentence him as a habitual offender, resulting in a life sentence, when at the time of sentence he had not been previously convicted of a crime. Bass relies upon the transcript from the sentencing hearing of his guilty plea to the charges of false pretenses to support his argument. Thus, this argument asserted by Bass is flawed.
 ¶ 17. To be convicted as a habitual offender, the accused must be properly indicted as a habitual offender. Akins v. State, 493 So.2d 1321, 1322 (Miss.1986); Perkins v. State, 487 So.2d 791, 792 (Miss. 1986); Dalgo v. State, 435 So.2d 628, 630 (Miss.1983). The prosecution must prove-the prior offenses by sufficient evidence. Young v. State, 507 So.2d 48, 50 (Miss. 1987). And, the accused must be given a reasonable opportunity to challenge the prosecution’s evidence. Crouch v. State, 826 So.2d 772, 775 (Miss.Ct.App.2002). A habitual offender is determined according to Mississippi Code Annotated Section 99-19-83 (2003), which provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or" federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where *1191 any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
¶ 18. Bass was properly indicted as a habitual offender, given his former guilty plea to the charges of false pretenses. Although Bass had sufficient time to challenge his prior offenses, he elected to admit his guilt rather than contest the charges of false pretenses. The state offered proof of the prior convictions, Bass admitted to the convictions and raised no issue to their validity. Having failed to timely raise the issue, Bass has waived this issue and it cannot be considered now. Walker v. State, 671 So.2d 581, 587 (Miss.1995). However, even if the issue was not barred, the position asserted by Bass fails on its merits.
¶ 19. In his motion for post-conviction relief, Bass relies on the transcript from his sentencing hearing on the charges of false pretenses to support his argument. Bass contends that at the time of sentencing for his murder conviction he would not qualify as a habitual offender under the statute. Bass is incorrect given his reliance upon the wrong transcript and circumstances. The life sentence imposed due to his status as a habitual offender occurred after the conviction of his murder charge, not his guilty plea to the charge of false pretenses. Bass had been previously convicted of two prior felonies which correctly fixed his status as a habitual offender. Though the false pretenses conviction is the sole charge Bass specifically attacks here in his argument against the habitual offender status, Order 2001-M-00254 from the Mississippi Supreme Court denying post-conviction relief confirms the existence of the requisite second felony bringing Bass under the habitual offender statute. Within the order, the Court specifically refers to two prior convictions when they address the fact that Bass“... seeks to attack one of the previous convictions which enhanced his murder conviction.” Therefore, Bass’ status as a habitual offender was validated at the time of sentencing. The trial court did not err in sentencing Bass, as a habitual offender, to life in prison. Again, we find no merit to this argument.

TV. Whether Bass was denied the effective assistance of counsel.

¶ 20. To establish ineffective assistance of counsel, Bass must demonstrate that his attorney’s performance was deficient and that this deficiency deprived him of a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Moore v. State, 676 So.2d 244 (Miss.1996). A presumption exists that the attorney’s conduct was adequate. Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001). We measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995).
¶ 21. Bass simply states that his counsel was inadequate. Bass refers to no specific facts that support his allegation, except for a vague reference to his counsel’s failure to file an appeal. We note that there is no record of an appeal before us, but recognize that the trial court denied the post-conviction relief motion filed by Bass.
¶ 22. This argument by Bass is discredited upon a close examination of his post-conviction relief petition. Within his own petition, Bass acknowledges the presence of an appeal. Bass specifically refers to his appeal in two different petitions:' in his application for post-conviction relief dated May 13,1998, and again in his motion filed on February 5, 2001. On both occasions, *1192 Bass states that a notice of his appeal was filed on December 10, 2000. As such, the claim by Bass that he was denied effective assistance of counsel because of a failure to file an appeal is without merit and must also fail.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER AND BARNES CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ISHEE, J., NOT PARTICIPATING.