914 So.2d 1281 (2005)
Jim H. AUSTIN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00077-COA.
Court of Appeals of Mississippi.
November 22, 2005.
*1282 Jim H. Austin, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.
GRIFFIS, J., for the Court.
¶ 1. On February 1, 1996, Jim H. Austin was indicted on a single count of rape. The indictment also alleged that Austin was a habitual offender and subject to Mississippi Code Annotated Section 99-19-81 (Rev.2000). Austin agreed to plead guilty to rape, under an agreement that dropped the habitual offender portion of the indictment and a separate indictment of escape. On May 22, 1996, Austin's guilty plea was accepted by the court, and he was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections.
¶ 2. In March of 2002, Austin filed a petition for post-conviction relief. The court denied the petition because it was filed more than three years after his guilty plea, as being time barred. Austin v. State, 863 So.2d 59, 60(¶ 1) (Miss.Ct.App. 2003). Austin did not petition the Mississippi Supreme Court for writ of certiorari, and the mandate issued February, 2004.
¶ 3. On November 8, 2004, Austin filed a notice of appeal in writ of state habeas corpus with the Lee County Circuit Clerk. In this notice, Austin petitioned the court for an order vacating and setting aside his guilty plea conviction and sentence. Austin asked the court to: (1) withdraw his guilty plea and enter not guilty plea, (2) have a fair and just trial after withdrawal of plea, (3) have effective assistance of counsel at trial, and (4) have a speedy trial. On December 20, 2004, the Honorable Thomas J. Gardner, III, entered an order that summarily denied Austin's writ of state habeas corpus as a successive writ.
¶ 4. On appeal, Austin's pro se brief identifies and discusses three issues: (1) whether the circuit court abused its discretion by allowing Austin's guilty plea to stand, and affected Austin's fundamental rights, resulting in a fundamental miscarriage of justice, (2) ineffective assistance of counsel by the use of deception, and (3) whether the circuit court abused its discretion by not upholding Mississippi Constitution Article 3, Section 21 guarantee. We find no error and affirm.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002). However, when issues of law *1283 are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

1. Whether the circuit court abused its discretion by allowing Austin's guilty plea to stand, and affected Austin's fundamental rights, resulting in a fundamental miscarriage of justice.

2. Ineffective assistance of counsel by the use of deception.
¶ 6. Issues 1 and 2 were part of Austin's first motion for post-conviction relief, which was denied by the trial court and affirmed by this Court. Austin v. State, 863 So.2d 59 (Miss.Ct.App.2003). The trial court denied Austin's first motion for post-conviction relief as time barred under Mississippi Code Annotated Section 99-39-23(6)(Rev.2000). Here, Judge Gardner properly identified Austin's notice of appeal in writ of state habeas corpus, which was filed with the Lee County Circuit Clerk, as a successive motion for post-conviction relief. Judge Gardner was correct to dismiss Austin's petition as a successive petition and as time barred.
¶ 7. Mississippi Code Annotated Section 99-39-27(9)(Rev.2000) provides that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Austin's current motion for post-conviction relief is barred from review as a second or successive application. Id. Furthermore, Austin's petition is time barred under Mississippi Code Annotated Section 99-39-5(2)(Rev.2000). There is no merit to issues 1 and 2, and we affirm.

3. Whether the circuit court abused its discretion by not upholding Mississippi Constitution Article 3, Section 21 guarantee.
¶ 8. Mississippi Constitution, Article 3, Section 21 provides:
The privilege of the writ of habeas corpus shall not be suspended, unless when in the case of rebellion or invasion, the public safety may require it, nor ever without the authority of the legislature.
Austin seems to argue that he has been denied his right to a writ of habeas corpus. Such is not the case. The Mississippi Legislature enacted the Mississippi Uniform Post-Conviction Collateral Relief Act. In Mississippi Code Annotated Section 99-39-3(1) (Rev.2000), provided that:
The purpose of this article is to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences. Specifically, this article repeals the statutory writ of error coram nobis, supersedes Rule 8.07 of the Mississippi Uniform Criminal Rules of Circuit Court Practice and abolishes the common law writs relating to post-conviction collateral relief, including by way of illustration but not limitation, error coram nobis, error coram vobis, and post-conviction habeas corpus, as well as statutory post-conviction habeas corpus. The relief formerly accorded by such writs may be obtained by an appropriate motion under this article. The enactment of this article does not affect any pre-conviction remedies.
¶ 9. Austin has not been denied his guarantees under Mississippi Constitution, Article 3, Section 21. Instead, the Mississippi Legislature has enacted a comprehensive procedure for post-conviction relief. We find this issue to be without merit.
*1284 ¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.