ISHEE, J.,
for the Court:
¶ 1. In December 2005, Arthur Gardner pleaded guilty in the Lowndes County Circuit Court to one count of sale of cocaine and, under a separate indictment, to one count of possession of marijuana. The cir *689 cuit court sentenced him to seven years for each count, all in the custody of the Mississippi Department of Corrections (MDOC), with the sentences to run concurrently to each other and consecutively to a prior federal sentence, which Gardner was serving at the time he pleaded guilty in the circuit court. Aggrieved, Gardner filed a motion for post-conviction relief (PCR), which was summarily denied. He now appeals, arguing that the circuit court violated the Interstate Agreement on Detain-ers Act (IAD) in accepting his guilty plea. As Mississippi is not a party, to the IAD, this issue is meritless, and we affirm the circuit court’s denial.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In August 2003, Gardner was indicted on numerous drug charges in the Lowndes County Circuit Court, including several counts of sale of cocaine and several counts of drug possession, including possession with intent to distribute. At the time of his indictment, Gardner was incarcerated in the Yazoo City Federal Correctional Complex, serving time on a federal sentence. Several months after the indictment, state authorities issued an arrest warrant for Gardner regarding the drug charges. After Gardner’s arraignment in December 2003, he was returned to federal custody.
¶ 3. In December 2005, Gardner pleaded guilty to two of the counts contained in the August 2003 indictment: one count of sale of cocaine and one count of possession of more than 250 grams of marijuana. Since Gardner was incarcerated in the Yazoo City Federal Correctional Complex regarding his federal sentence at the time of his pleading guilty to the state charges, he was transported to and from the circuit court on numerous occasions between 2003 and 2005.
¶ 4. In 2009, Gardner filed a PCR motion with the circuit court, which was summarily denied. On appeal, he claims that the circuit court lacked jurisdiction to accept his guilty pleas because his multiple transports to and from a federal institute regarding state charges violated the IAD.
STANDARD OF REVIEW
¶ 5. In reviewing a “lower court’s decision to deny a petition for post[-]conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, we will review questions of law de novo. Id.
DISCUSSION
¶ 6. The IAD is an interstate agreement that was enacted in regard to “de-tainers based on untried indictments, information, or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions ...” and for the purpose of encouraging “expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints.” 18 U.S.CApp. 2, § 2, Art. I. While most states have become parties to the IAD, to date, Mississippi has not. Accordingly, the provisions of the IAD are not applicable to Mississippi; therefore, this issue is meritless, and we affirm the circuit court’s denial of the PCR motion.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
*690 LEE, C.J, IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.