# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00861-COA

**ALLERY HOPSON A/K/A ALLERY DELJUN HOPSON A/K/A ALLERY D. HOPSON**                                    APPELLANT

v.

**STATE OF MISSISSIPPI**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2019 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALLERY HOPSON (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  ALICIA MARIE AINSWORTH |
| | ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/30/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Appearing pro se, Allery D. Hopson appeals from the Union County Circuit Court's dismissal of his motion for post-conviction collateral relief (PCR). After a review of the record, we affirm.

### FACTS & PROCEDURAL HISTORY

¶2.     On October 13, 2006, a Union County grand jury indicted Hopson for two counts of robbery with a deadly weapon in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2006) for the robbery of Michael and Heather Whittington. Prior to his indictment, Hopson absconded; authorities issued a fugitive-from-justice warrant and ultimately

apprehended Hopson from the Shelby County Sheriff's Office in Tennessee, where he had been arrested for unrelated charges.

¶3. A September 17, 2014 order from the Union County Circuit Court reflects that Hopson pled guilty to both counts of robbery as listed in his indictment. The court ordered Hopson to serve thirty years in the custody of the Mississippi Department of Corrections (MDOC) for each count, with five years suspended and five years of post-release supervision for each respective sentence. On August 13, 2018, Hopson filed a PCR motion in the Union County Circuit Court. Without holding a hearing, the court dismissed Hopson's motion as procedurally barred. From that dismissal, Hopson now appeals.

## STANDARD OF REVIEW

¶4. We will not reverse a trial court's dismissal of a PCR motion absent a finding that the decision was clearly erroneous. *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013) (citing *Holloway v. State*, 31 So. 3d 656, 657 (¶5) (Miss. Ct. App. 2010)). Where issues of law are raised, we apply a de novo review. *Rice v. State*, 910 So. 2d 1163, 1164-65 (¶4) (Miss. Ct. App. 2005) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

¶5. Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) provides, "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." On appeal, we will affirm the trial court's summary dismissal "if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Dickens v. State*, 119 So. 3d

2

1141, 1143-44 (¶6) (Miss. Ct. App. 2013) (quoting *Robinson v. State*, 19 So. 3d 140, 142 (¶6) (Miss. Ct. App. 2009)).

**DISCUSSION**

¶6.     In the case of a guilty plea, a claim under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA) must be raised within the three-year period following the entry of the judgment of conviction, or it is barred. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Hopson filed the current PCR motion nearly four years after the entry of his guilty plea and conviction for robbery; he acknowledges that his claims are untimely and would ordinarily be time-barred. However, Hopson correct asserts that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars[.]" *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Hopson argues that the circuit court erred by dismissing his PCR motion without reviewing its claims—all of which allege violations of fundamental rights.

¶7.     "[F]our types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Green v. State*, 235 So. 3d 1438, 1441 (¶9) (Miss. Ct. App. 2017) (quoting *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015)). A review of the record reveals that Hopson's motion "fails to include any of the instances in which his case would have been exempted from the three-year statute of limitations." *Campbell v. State*, 194 So. 3d 204, 208 (¶15) (Miss. Ct. App. 2016) (citing *Singleton v. State*, 840 So. 2d 815, 818 (¶8)

3

(Miss. Ct. App. 2003)).

### I.    Ineffective Assistance of Counsel

¶8.    First, Hopson claims that he received ineffective assistance of counsel. Hopson argues that his plea counsel abandoned his "required duty of loyalty to his client" and that he "acted with reckless disregard for [Hopson's] best interest" by failing to "uphold his duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary" and "allow[ing] [Hopson] to plea to an indictment that was abandon[ed], as well as an illegal extradition."

¶9.    We note that "ineffective assistance of counsel [claims] are not [ordinarily] excepted from the time-bar, even though these claims involve fundamental constitutional rights." *Goul v. State*, 223 So. 3d 813, 815 (¶6) (Miss. Ct. App. 2017) (citing *Jones v. State*, 174 So. 3d 902, 907 (¶12) (Miss. Ct. App. 2015)). However, in instances involving "extraordinary circumstances," claims for ineffective assistance of counsel are also excepted from the procedural bars outlined in the UPCCRA. *See Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015). Here, Hopson presents no such circumstances.

¶10.   Procedural bar notwithstanding, Hopson provides no evidence to support his claim, only the assertion stated in his briefs. "It is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct." *Bias v. State*, 245 So. 3d 534, 538 (¶13) (Miss. Ct. App. 2017) (quoting *Bass v. State*, 888 So. 2d 1187, 1190 (¶14) (Miss. Ct. App. 2004)). Therefore, we find this issue to be barred and without merit.

4

## II. Indictment

¶11. Hopson also submits that his original indictment for the robbery charges was resolved by nolle prosequi. Hopson argues that the State failed to "re-indict" him following the nolle prosequi and pursued his conviction under an invalid warrant in violation of his due process rights.

¶12. Although, Hopson raises a facially colorable claim: "'there must at least appear to be some basis for the truth of the claim' of a fundamental-constitutional-rights violation." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013) (quoting *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004)). Again, Hopson offers no evidence to support this claim,[1] and the "'mere assertion of [a] constitutional right violation' does not trigger the exception." *Id*. (citing *Wicker v. State*, 16 So. 3d 706, 708 (¶5) (Miss. Ct. App. 2009)). In the absence of evidence to substantiate Hopson's claim, we find this issue to be without merit.

## III. Due Process

¶13. Finally, Hopson argues that he was denied due process when the authorities failed to grant him an extradition hearing before his transfer from Shelby County, Tennessee, to Union County, Mississippi. Hopson avers that he was entitled to a hearing pursuant to the Interstate Agreement on Detainers (IAD) and that the counties' non-compliance warranted dismissal of his charges with prejudice. However, Mississippi is not a party to the IAD; therefore, its provisions are rendered immaterial here and this claim fails. *Gardner v. State*, 57 So. 3d 688

---

[1] Hopson does cite to a document reflecting the disposition of the fugitive from justice warrant, which was resolved by nolle prosequi on September 2, 2008, in Shelby County; the document does not reflect any status or disposition related to Hopson's robbery case.

(Miss. Ct. App. 2011); *Smothers v. State*, 741 So. 2d 205, 206 (¶6) (Miss. 1999).

## CONCLUSION

¶14.    Hopson admittedly filed the current PCR motion outside of the parameters allowed by the UPCCRA.  Hopson claims that the issues raised in the motion should be excepted from procedural bars, but he fails to provide evidence in support of his contentions. Accordingly, and for the reasons stated above, we affirm the circuit court's dismissal of Hopson's PCR motion.

¶15.    **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.  C. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. BARNES, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**