MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Rodrick Maggitt pleaded guilty to statutory rape. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections with seven years suspended, five years of probation under the supervision of the MDOC, and to register as a sex offender with the Mississippi Department of Public Safety. Maggitt then filed a motion for post-conviction relief in the Grenada County Circuit Court, which was denied. Aggrieved, Maggitt appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The following facts are taken from Maggitt’s indictment and plea hearing. Maggitt was arrested and charged with statutory rape. Maggitt, a forty-four-year-old male, was caught having sexual intercourse with a fourteen-year-old female. The girl’s older sister discovered the two having sexual intercourse in a bedroom.
 

 ¶ 3. Maggitt was arrested and indicted on charges of statutory rape pursuant to Mississippi Code Annotated section 97-3-65(l)(b) (Supp.2008). Maggitt pleaded guilty to the charge and was sentenced to terms previously stated.
 

 ¶ 4. Maggitt filed his motion for post-conviction relief with the Grenada County Circuit Court, which was denied. Aggrieved, he now appeals the denial alleging four issues: (1) his indictment was defective; (2) the trial court lacked jurisdiction; (3) his constitutional right to a speedy trial was violated; (4) he received ineffective assistance of counsel. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 5. “When reviewing a lower court’s decision to deny a petition for post-conviction relief[,] this Court will not disturb the trial court’s factual findings unless they are found to be clearly errone
 
 *365
 
 ous.”
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999). “However, where questions of law are raised the applicable standard of review is de novo.”
 
 Id.
 

 DISCUSSION
 

 1. Defective Indictment and Lack of Jurisdiction
 

 ¶ 6. For the sake of judicial economy, we will address these arguments together. Maggitt argues that his indictment was defective because it did not contain the affidavit of the grand jury foreman, which deprived the trial court of jurisdiction over his case.
 

 ¶ 7. This Court has reiterated that “ ‘an argument asserting defectiveness of an indictment based on the lack of an accompanying affidavit from the grand jury foreman is a non-jurisdictional defect which is waived’ upon entry of a guilty plea.”
 
 Morgan v. State,
 
 966 So.2d 204, 207(¶ 15) (Miss.App.Ct.2007) (citing
 
 Chandler v. State,
 
 883 So.2d 614, 616(¶ 5) (Miss.Ct.App.2004)).
 

 ¶ 8. Accordingly, Maggitt, by pleading guilty to the charges, waived his argument that the indictment was faulty; therefore, his argument that the trial court lacked jurisdiction fails.
 
 See Miller v. State,
 
 834 So.2d 721, 723(¶ 7) (Miss.Ct.App.2003). These issues are without merit.
 

 2. Speedy Trial
 

 ¶ 9. Maggitt contends that his Sixth Amendment right to a speedy trial was violated by three hundred and ten days lapsing between his arrest and indictment.
 

 ¶ 10. “[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial including the right to a speedy trial, whether of constitutional or statutory origin.”
 
 Madden v. State,
 
 991 So.2d 1231, 1237(¶ 25) (Miss.App.Ct.2008).
 

 ¶ 11. Like his previous two arguments, Maggitt waived his right to a speedy trial upon him pleading guilty. Therefore, this issue is without merit.
 

 3.Ineffective Assistance of Counsel
 

 ¶ 12. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant to prove both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694,104 S.Ct. 2052.
 

 ¶ 13. Maggitt’s assertions of ineffective assistance of counsel are legion: failure to investigate, failure to pursue a speedy trial, and failure to cure the defects in his indictment. Maggitt also contends that his counsel coerced him into pleading guilty. Maggitt makes these broad assertions, yet he does not provide any factual or evidentiary basis to support his claims.
 

 ¶ 14. Additionally, Maggitt stated during his guilty plea hearing that he was satisfied with his counsel’s assistance. The following exchange took place during the plea colloquy:
 

 The Court: Has Mr. Lester [counsel] done things for you that you would have had a lawyer do for you while representing you?
 

 
 *366
 
 Maggitt: Yes, sir.
 

 The Court: Has he done anything that you disagree with or anything that you thought was against his interest — your interest?
 

 Maggitt: No, sir.
 

 The Court: Has he in all respects met the expectations of what you would have thought a lawyer representing you in this matter should have done for you?
 

 Maggitt: Yes, sir.
 

 The Court: And has he twisted your arm or anyway forced you into pleading guilty in this case?
 

 Maggitt: No, sir.
 

 The Court: And are you completely and totally satisfied in all respects with the representation that you have received from [counsel]?
 

 Maggitt: Yes, sir.
 

 [[Image here]]
 

 The Court: And are you totally satisfied in all respects?
 

 Maggitt: Yes.
 

 Moreover, there was ample evidence to convict Maggitt of statutory rape. The State was prepared to call the victim and her sister to testify if needed. Both would have testified that Maggitt, a forty-four-year-old man, engaged in sexual intercourse with a fourteen-year-old female. There is no reasonable probability that the outcome of the case would have been different. Accordingly, this issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.