# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01539-COA

**WILLIAM SMOTHERS A/K/A WILLIAM ARTHUR SMOTHERS**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                           **APPELLEE**


| | |
|---|---|
| DATE OF JUDGMENT: | 10/01/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM SMOTHERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LA DONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED PETITION FOR POSTCONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 10/06/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.    In October of 2009, William Smothers pleaded guilty to the statutory rape of A.R.[1]

In September of 2014, he filed a petition for postconviction collateral relief (PCCR) with the

Madison County Circuit Court.  This petition was denied as time-barred.  Smothers argues:

(1) that the indictment was defective and (2) that he had ineffective assistance of counsel.

We affirm.

---

[1] Due to the nature of this case and the age of the victim, we substitute initials for the victim's name.

**FACTS**

¶2.    In July of 2007, Smothers had sexual intercourse with his niece, A.R.  Smothers was charged with "willfully, unlawfully and feloniously hav[ing] sexual intercourse with A.R., a female child . . . under the age of fourteen (14) years, whose birth is July 21, 1993, while said Defendant was twenty-four (24) months or more older than A.R.[,]" in violation of Mississippi Code Annotated section 97-3-65(1)(b) (Rev. 2014).

¶3.    The indictment charging Smothers with this offense originally alleged that the crime occurred "on or about or between the dates of July 27, 2007, through July 28, 2007 . . . ." These dates were later amended in writing to "July 13, 2007, through July 20, 2007 . . . ." It appears from the record that this change of dates occurred at the hearing in the circuit court, minutes before Smothers pleaded guilty to statutory rape.  Smothers made no objections to the alteration of the dates.

**STANDARD OF REVIEW**

¶4.    "When reviewing a trial court's denial or dismissal of a PCCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Martin v. State*, 138 So. 3d 267, 268 (¶3) (Miss. Ct. App. 2014) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

**ANALYSIS**

A.    *Whether Smothers's claims are time-barred.*

¶5.     The circuit court dismissed Smothers's PCCR petition as time-barred. When a defendant has pleaded guilty, a motion for relief must be made within three years after the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). Smothers's judgment of conviction was filed on October 14, 2009. His PCCR petition was filed in September 2014, well after the time allotted for such a petition.

¶6.     However, the supreme court has held that the three-year statute of limitations is waived when a fundamental constitutional right is implicated. *Jordan v. State*, 118 So. 3d 656, 658 (¶8) (Miss. Ct. App. 2013) (citing *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)). But the three-year statute of limitations still applies to claims that an indictment was defective. *Id.* (citing *Moss v. State*, 45 So. 3d 305, 307 (¶10) (Miss. Ct. App. 2010)). Likewise, this time-bar also applies to postconviction-relief claims based on ineffective assistance of counsel. *Crosby v. State*, 16 So. 3d 74, 78 (¶8) (Miss. Ct. App. 2009) (citing *Chancy v. State*, 938 So. 2d 267, 270 (¶11) (Miss. Ct. App. 2005)). Despite this procedural time-bar, we address Smothers's claims.

        *B.     Whether the indictment was defective.*

¶7.     Smothers claims that the indictment was defective and that because of this deficiency, his guilty plea was involuntary. The issues regarding the indictment arise from the change of the dates of the crime. The original dates in the indictment establish A.R.'s age at fourteen, meaning that Smothers could not be convicted under section 97-3-65(1)(b). Once the dates were changed, A.R.'s age at the time of the incident was under fourteen. This

3

change in the victim's age is the difference between being convicted under Mississippi Code Annotated section 97-3-65(1)(a) (Rev. 2014) or section 97-3-65(1)(b).

¶8.     This change would be significant in the sentencing phase if Smothers was eighteen or older. However, "[i]n sentencing a criminal defendant, [his] age at the time the crime was committed is used . . ." *In re D.S.*, 943 So. 2d 1280, 1283 (¶10) (Miss. 2006). Because Smothers was seventeen at the time of the offense, the circuit court had complete discretion in sentencing regardless of which statutory-rape section applied. Miss. Code Ann. § 97-3-65(3)(d) (Rev. 2014). The change in the indictment did not change the applicable sentencing range; therefore, if error did occur, it was harmless.

¶9.     Furthermore, "by pleading guilty to the charges, [he] waived his argument that the indictment was faulty . . . ." *Maggit v. State*, 26 So. 3d 363, 365 (¶8) (Miss. Ct. App. 2009) (citing *Miller v. State*, 834 So. 2d 721, 723 (¶7) (Miss. Ct. App. 2003)). The changes to the indictment occurred at the hearing before the circuit court judge, in front of Smothers and his counsel. The judge asked if there were any objections to the change of date, and Smothers made none. Smothers's claim as to the indictment fails.

   C.     *Whether Smothers had ineffective assistance of counsel*.

¶10.    Smothers also claims ineffective assistance of counsel.

> To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. The burden of proof rests with the defendant to prove both prongs. Under *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, the defendant must show that there is a reasonable probability

4

that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.

*Maggitt*, 26 So. 3d at 365 (¶12) (internal citations and quotations omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

¶11.    Smothers argues that his counsel should have objected to the change of date in the indictment, because it led to a change in the age of the victim.  While the change in the indictment did alter the age of the victim, we do not find counsel's inaction prejudiced Smothers's defense.

¶12.    We find that the result of the proceeding would have been the same.  As we noted before, Smothers was sentenced under a portion of the statute that gave the judge complete discretion as to sentencing.  Miss. Code Ann. § 97-3-65(3)(d).  Furthermore, as part of this plea agreement, the State agreed not pursue another case against Smothers, where it was alleged that he sexually assaulted another victim.  Smothers's claim of ineffective assistance of counsel fails.

¶13.    Smothers's PCCR petition is time-barred pursuant to section 99-39-5(2). Despite this bar, his claims of a defective indictment and ineffective assistance of counsel have no merit.

¶14.    **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE PETITION FOR POSTCONVICTION COLLATERAL RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**

5