# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01567-COA

**RUBIN RENFROW A/K/A RUBIN B. RENFROW III**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:               10/17/2014
TRIAL JUDGE:                    HON. MICHAEL H. WARD
COURT FROM WHICH APPEALED:      SIMPSON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:        JULIE ANN EPPS
                                CYNTHIA ANN STEWART
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ABBIE EASON KOONCE
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        DENIED PETITION FOR POST-
                                CONVICTION COLLATERAL RELIEF
DISPOSITION:                    AFFIRMED: 05/10/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     This appeal arises from Rubin Renfrow's petition for post-conviction collateral relief (PCCR) as to his conviction of possessing photographs of an actual child engaging in sexually explicit conduct, in violation of Mississippi Code Annotated section 97-5-33(5) (Rev. 2014).  The special circuit court judge denied his petition.  We find no error and affirm.

## FACTS

¶2.     In 2006, child-pornography images were found on Renfrow's computer.  A year later in 2007, Renfrow told officers that he knew of the pictures depicting child pornography on

his computer. He was indicted for the willful possession of child pornography. After trial in 2008, Renfrow was convicted.

¶3. Renfrow first appealed to this Court in 2009. His conviction was affirmed. *Renfrow v. State*, 34 So. 3d 617, 636 (¶62) (Miss. Ct. App. 2009). In 2013, Renfow filed an application for leave to file a PCCR petition with the supreme court. The supreme court remanded to the circuit court for an evidentiary hearing on two specific issues: (1) whether Renfrow was denied due process of law and a fair trial when evidence of legal emails and stories was admitted to show Renfrow "preferred children," and (2) whether counsel was ineffective in failing to properly object and request limiting instructions and/or to appeal the admission of unfairly prejudicial evidence.

¶4. At the hearing, the special circuit court judge heard testimony from Joseph K. Speetjens, an expert in computer science, computer programming, computer software, computer security, and forensic analysis of computers. Terrell Stubbs, Renfrow's previous counsel, also testified about his trial strategy. The special circuit court judge found, based on this testimony and the record, that Renfrow did not receive ineffective assistance of counsel and that he was not denied due process.

## STANDARD OF REVIEW

¶5. "When reviewing a trial court's denial or dismissal of a PCCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Martin v. State*, 138 So. 3d 267, 268 (¶3) (Miss. Ct. App. 2014) (citing *Hughes v. State*, 106 So. 3d 836, 838 (¶4)

(Miss. Ct. App. 2012)).

## ANALYSIS

### I. Whether Renfrow's counsel was ineffective in not understanding and presenting his defense to the jury.

¶6. Renfrow claims that his trial counsel did not properly understand the computer science involved in the case and that he chose an inadequate defense.

¶7. In assessing an ineffective-assistance-of-counsel claim, this Court follows the test established in *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Wiley v. State*, 517 So. 2d 1373, 1378 (Miss. 1987). To succeed on an ineffective-assistance-of-counsel claim,

> a defendant must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. The burden of proof rests with the defendant to prove both prongs. Under *Strickland*, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.

*Maggitt v. State*, 26 So. 3d 363, 365 (¶12) (Miss. Ct. App. 2009) (citing *Strickland*, 466 U.S. at 687) (internal citations and quotations omitted). "When determining if both prongs of the *Strickland* test have been met, . . . this Court must look to the totality of the circumstances." *Hibbler v. State*, 115 So. 3d 832, 842 (¶32) (Miss. Ct. App. 2012) (quoting *Payton v. State*, 708 So. 2d 559, 563 (¶12) (Miss. 1998)).

¶8. Regarding trial strategy, "[t]his Court has held that the conduct of trial counsel is measured toward the view that he has wide latitudinal discretion in effectuating reasonable representation on behalf of his client and that the decisions made at trial are strategic." *Nichols v. State*, 27 So. 3d 433, 443 (¶36) (Miss. Ct. App. 2009) (internal quotations

3

omitted). "This Court rarely second guesses trial counsel regarding matters of trial strategy." *Id.* Furthermore, "[h]aving a trial strategy negates an ineffective assistance of counsel claim, regardless of counsel's insufficiencies." *Hall v. State*, 735 So. 2d 1124, 1127 (¶10) (Miss. Ct. App. 1999).

¶9. The special circuit court judge found that Stubbs understood the defense and that he took steps to effectively present that defense to the jury during trial. Renfrow argues on appeal that the issue is not whether Stubbs understood his trial strategy but whether his trial strategy was reasonable. This argument ignores the presumption that "performance falls within the range of reasonably professional assistance." *Maggitt*, 26 So. 3d at 365 (¶12).

¶10. At the evidentiary hearing, Stubbs testified that the child-pornography images were located in more than one location on the computer, and he prepared his trial strategy in order to explain this to the jury. Stubbs argued at trial that a computer virus placed the images on Refrow's computer without his knowledge. Renfrow contends that this was not the best available defense. Rather, he would argue that the images were placed on his computer when he clicked on pop-up windows. Renfrow's preferred defense would supposedly explain the ten images that were presented by the prosecution at trial. However, Stubbs knew through discovery that the ten images were in more than one location on the computer and that more images were also found deleted on the computer. It is not evident in the record whether Renfrow's preferred defense would explain the presence of the photographs in other areas of the computer.

¶11. The defense presented by Stubbs does not fall outside the "wide latitudinal discretion

4

in effectuating reasonable representation on behalf of his client." *Nichols*, 27 So. 3d at 443 (¶36). Renfrow has not shown that Stubbs's performance was deficient. Renfrow therefore fails to meet the first prong of the *Strickland* test. This issue is without merit.

> **II.** **Whether Renfrow was denied due process of law and a fair trial when evidence of legal emails and stories was admitted to show Renfrow "preferred children."**

¶12. Renfrow next argues that certain evidence and testimony was improperly allowed before the jury. With regard to the admission or exclusion of evidence, the Court applies an abuse-of-discretion standard. *Stone v. State*, 94 So. 3d 1078, 1081 (¶9) (Miss. 2012).

¶13. The evidence at issue consisted of emails and pornographic stories found on Renfrow's computer as well as his browser history. The testimony revealed that Renfrow entered information into websites seeking a "companion," that Renfrow purchased "he-she" videos, that Renfrow's hard drive contained 170 other related pictures and over 500 deleted pictures. Also, during Renfrow's cross-examination, the prosecution asked him about his past work as a principal and teacher.

¶14. Renfrow argues that all of these instances of legal conduct were elicited to show that he "preferred children." However, the State argues that these instances were not only relevant but admissible as each spoke to Renfrow's motive, intent, plan, knowledge, and absence of mistake or accident. M.R.E. 404(b).

¶15. The Court finds that the trial judge did not abuse his discretion in permitting the above evidence and testimony. Under Mississippi Rules of Evidence 404(b), evidence of other crimes, wrongs, or acts may be admissible "as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absense of mistake or accident." Renfrow's defense was that he accidentally and unknowingly downloaded the child pornography to his hard drive. The information regarding his computer usage and emails was used to negate this defense and to show that he did not download the images by accident. The evidence and testimony showed Renfrow's intent to search out these types of images, and the fact that all of these things existed on Renfrow's computer showed that he knew more about the operation of the computer than he was willing to tell.

¶16.    The Court finds that the evidence and testimony at issue were relevant and probative for a purpose other than to prove Renfrow's character. Therefore, this issue is without merit.

> **III.    Whether Renfrow's counsel was ineffective in failing to properly object and request limiting instructions and/or to appeal the admission of unfairly prejudicial evidence suggesting that Renfrow was a bad person who should be convicted because he "preferred children."**

¶17.    Finally, Renfrow contends that his counsel was ineffective because the evidence and testimony discussed above warranted objection and a limiting instruction. He also argues that trial counsel should have raised these issues on appeal. Again the Court considers the test articulated in *Strickland,* 466 U.S. at 686.

¶18.    "[C]ounsel's choice of whether or not to . . . call certain witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy. This Court rarely second guesses trial counsel regarding matters of trial strategy." *Nichols*, 27 So. 3d at 443 (¶36). "Decisions to make particular objections . . . cannot give rise to an ineffective assistance of counsel claim." *Moss v. State*, 977 So. 2d 1201, 1214 (¶31) (Miss. Ct. App.

6

2007).

¶19.    Much of the evidence and testimony was admitted over objections by Renfrow's trial counsel.  And certain questions asked of Renfrow himself could have been avoided if Renfrow followed his counsel's advice to not take the stand.  Renfrow argues that his attorney should have objected in each of these instances, but "decisions such as the decision not to object are considered tactical, and do not rise to the level of ineffective assistance of counsel." *Golden v. State*, 968 So. 2d 378, 390 (¶50) (Miss. 2007).  "[C]ounsel might have reasons for deciding not to object to a question which is technically objectionable.  For instance, counsel might conclude that an objection would draw attention to the question and answer." *Id.*  For these reasons, Renfrow has not shown that trial counsel was deficient.

¶20.    Furthermore, Renfrow's ineffective-assistance-of-counsel claims fail the second prong of the *Strickland* test, which requires a showing of a reasonable probability that the result of the proceeding would have been different. *Maggitt*, 26 So. 3d at 365 (¶12).  Beyond the evidence and testimony presented against him, Renfrow took the stand in his own defense.  During his testimony, Renfrow said that he saw the child-pornography images and that he was aware that the images were on his computer.  On cross-examination, he tried to explain his previous statements, saying, "But now, there is two kinds of visions, sir.  There is direct focusing of the eye on an image, and then there is something called peripheral vision.  You can be aware that something is there and not necessarily be looking directly at it."  Due to Renfrow's own testimony at trial, the result of the proceeding would have been the same regardless of the alleged errors.  Thus, Renfrow fails to prove ineffective assistance of

7

counsel.

¶21. **THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**