# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00682-COA

**JAKE BIAS A/K/A JAKE JEROME BIAS**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

DATE OF JUDGMENT:               05/05/2016
TRIAL JUDGE:                          HON. TOMIE T. GREEN
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                                            FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:       CYNTHIA ANN STEWART
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                            BY: BILLY L. GORE
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                       AFFIRMED - 11/07/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Jake Bias pleaded guilty in the Circuit Court of Hinds County to statutory rape for willfully, feloniously, and unlawfully having sexual intercourse with J.B.[1] While incarcerated, Bias filed a motion for post-conviction relief (PCR), which was denied. Bias now appeals, asserting that (1) he received ineffective assistance of counsel; (2) his "confession" did not match the physical evidence; and (3) he was entitled to an evidentiary hearing.

¶2.     Finding no error, we affirm.

---

[1] Initials are used to protect the victim's privacy.

FACTS

¶3.     On November 1, 2010, Chasidy Butler took her three-year-old daughter, J.B., to the University of Mississippi Medical Center (UMMC), after noticing that J.B. was suffering from irregular vaginal discharge and frequent urination.[2] J.B. underwent a thorough medical evaluation and tested positive for chlamydia and gonorrhea.  The medical records indicated that J.B. exhibited no tearing in the vaginal, perineal, or anal areas, and that her hymen was intact.  A hospital social worker wrote on a report that J.B. had previously told her godmother that her father had "hurt her private area."  J.B. was interviewed by the Child Advocacy Center, but its report was inconclusive as to whether she had been sexually abused.

¶4.     On March 29, 2011, Bias pleaded guilty to statutory rape, pursuant to Mississippi Code Annotated section 97-3-65(1)(b) (Rev. 2014).  On March 30, 2011, the circuit court sentenced him to twenty years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended, three years of supervised probation, and fifteen years to serve. Further, the court required him to register as a sex offender and to undergo mandatory sex counseling while incarcerated and during probation.  The court also ordered Bias not to have any contact with J.B.

¶5.     On March 31, 2014, Bias filed a PCR motion, which the circuit court summarily denied.  Bias appealed, asserting the issues set forth in the first paragraph of this opinion.

---

[2] A report completed by a social worker at UMMC on November 1, 2010, indicated that J.B.'s mother said the frequent urination and discharge began about four to six weeks prior to the date on which she was actually taken to UMMC.

The PCR motion contained in the initial appellate record was missing some pages. On March 31, 2017, Bias filed a motion to supplement the record with the missing pages. We granted Bias's motion in an order entered on April 5, 2017, and a supplemental volume of the record was filed on April 25, 2017. However, the supplemental volume's version of the PCR motion was still incomplete, resulting in the absence of essential portions of Bias's second argument on appeal: that his confession did not match the physical evidence.

¶6. Because of the incompleteness of Bias's PCR motion in the record before us and the trial court's summary denial of the PCR motion without addressing the specific issues that had been raised in the motion, we are only able to speculate as to which arguments were actually presented to the trial court for review. Bias contends that the PCR motion filed with the trial court included his argument that his confession did not match the physical evidence, and that the pages containing that argument were simply missing from the appellate record. That may be true. However, no version of the PCR motion in the record before us contains a complete statement of the allegations and argument made in the trial court regarding Bias's second appellate issue. Therefore, we must proceed based on the record before us and are unable to address it.

## DISCUSSION

¶7. "When reviewing a trial court's denial or dismissal of a [PCR motion],we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170,

3

1172 (¶3) (Miss. 2015).

*Ineffective Assistance of Counsel*

¶8.     Bias argues that his trial counsel was constitutionally ineffective for three reasons: (1) his counsel failed to note and advise him of the fact that he had not tested positive for any STDs, nor had he been treated for them; (2) his counsel failed to note that "the evidence completely contradicts the confession, raising the specter of false confession"; and (3) his counsel "failed to raise the child's exposure to numerous other men."

¶9.     "A voluntary guilty plea waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (citations and quotations omitted). Bias pleaded guilty and, during the plea hearing, acknowledged that he was satisfied with his counsel's services. Bias raises no issue regarding the voluntariness of his guilty plea. As such, we find no merit to this issue. Notwithstanding that fact, however, we briefly address Bias's arguments.

¶10.    "The standard of review for claims of ineffective assistance of counsel is the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense." *Deloach v. State*, 937 So. 2d 1010, 1011 (¶5) (Miss. Ct. App. 2006). The burden is on the defendant to prove both prongs. *Id*. (citation omitted). "Counsel's choice of whether or not to . . . call witnesses, ask certain questions, or make certain objections falls

4

within the ambit of trial strategy." *Renfrow v. State*, 202 So. 3d 633, 636 (¶8) (Miss. Ct. App. 2016) (citation omitted). "This Court rarely second guesses trial counsel regarding matters of trial strategy." *Id.* (citation omitted).

¶11.    With respect to Bias's first contention—that his counsel failed to note and advise him of the fact that he had not tested positive for any STDs, nor had he been treated for them—it is sufficient to say that, while it is true that there is no evidence in the record of Bias testing positive for an STD, his confession that he was infected with an STD makes this issue moot. During the plea hearing, the State advised the circuit court that it was prepared to prove that, after Bias was Mirandized, he was interviewed and gave a videotaped statement wherein he first denied having done anything to his daughter, but admitted to having a venereal disease. Thereafter, the following conversation ensued:

> [COURT]:    And do you have a venereal disease, Mr. Bias?
>
> [BIAS]:    Well, ma'am, I got tested at the jail, but they didn't never [sic] tell me about it.
>
> [COURT]:    Are you on any medication?
>
> [BIAS]:    No, ma'am.

As such, we find no merit to Bias's contention that his trial counsel was ineffective for failing to raise, at the plea hearing, the issue of Bias not testing positive for an STD.

¶12.    Second, Bias argues that his trial counsel was ineffective for failing to note that the physical evidence contradicts his confession, raising the inference that the confession was

5

false.[3] As noted, we are unable to ascertain, based on the record before us, whether this issue was presented to the trial judge.

¶13.    "We will not hold a trial court in error on appeal for a matter not presented to it for decision." *Moffett v. State*, 49 So. 3d 1073, 1101 (¶91) (Miss. 2010) (citation omitted). "[A]n issue is procedurally barred if not first raised in a PCR motion before a trial court." *McLaurin v. State*, 114 So. 3d 811, 813 (¶4) (Miss. Ct. App. 2013).   We do not take issue with Bias's attorney's assertion that this issue was presented to the trial court.  However, our review is based on the record before us, not on counsel's representation of what was presented to the trial court.  "It is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct." *Bass v. State*, 888 So. 2d 1187, 1190 (¶14) (Miss. Ct. App. 2004).  Therefore, this issue is procedurally barred.  Procedural bar notwithstanding, this issue is without merit.

¶14.    Bias's next argument is based on the fact that the medical records indicate that there was no tearing in J.B's vaginal area and her hymen was "normal."  First and foremost, we note that J.B. was not brought to the hospital until four to six weeks after she initially exhibited symptoms of frequent urination and discharge, per the UMMC social worker's report.  Thus, it is feasible that any tearing that occurred may have healed between the time

---

[3] We note that this issue is, in essence, Bias's second issue on appeal.  Thus, although we have declined to address it as a separate issue, we are inevitably addressing it here as a part of his ineffective-assistance-of-counsel claim.

that she sustained it and the time that she was inspected. Additionally, we note that "[p]enetration, however slight, is sufficient to establish the penetration element of sexual battery." *Burrows v. State*, 961 So. 2d 701, 706 (¶17) (Miss. 2007). Further, our supreme court held in *Poole v. State*, 46 So. 3d 290, 295 (¶30) (Miss. 2010), that "evidence of an intact hymen is not conclusive proof that no penetration occurred." This caselaw, combined with the fact that, at the plea hearing, Bias actually admitted to the crimes he was charged with, renders this issue void of merit. Furthermore, it is also waived by his valid plea of guilty.

¶15. Finally, as to Bias's third contention regarding his ineffective-assistance-of-counsel claim, we note that the record is void of any evidence whatsoever to suggest that J.B. "was exposed to numerous other men." As such, we find no merit to this issue.

*Evidentiary Hearing*

¶16. Bias argues that the trial court erred in failing to grant him an evidentiary hearing, because there are serious conflicts in the evidence that suggest his innocence. Particularly, Bias emphasizes the fact that, based on J.B.'s medical reports, evidence of penetration is inconclusive and her hymen was still intact. He also points out that a report prepared by the Children's Justice Center indicates that the evidence was inconclusive as to whether J.B. was sexually abused. Bias also takes issue with the fact that there is no "medical evidence" showing that he tested positive for any STDs, or that he was treated for an STD after being imprisoned. The State responds that the trial court did not err in failing to order an

7

evidentiary hearing, because it was not required to do so, particularly due to the fact that Bias admitted his crime in open court. Further, the State maintains that the evidence weighs in favor of Bias's guilt.

¶17. After reviewing the record in its entirety, we find that Bias was not entitled to an evidentiary hearing. Mississippi Code Annotated section 99-39-19(1) (Rev. 2015) provides:

> If the motion is not dismissed at a previous stage of the proceeding, the judge, after the answer is filed and discovery, if any, is completed, shall, upon a review of the record, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice shall require.

"[N]o hearing is required when, based on the record of the guilty plea hearing, it is clear that the petitioner is entitled to no relief." *Pepper v. State*, 96 So. 3d 780, 785 (¶15) (Miss. Ct. App. 2012). The plea-hearing transcript includes the following representations by the State:

> The defendant was brought in. He was interviewed by the police and Mirandized where he gave a videotaped statement, . . . wherein this defendant first denied [doing] anything with his daughter, but admitted to having a venereal disease. Later he changed his statement and said that he was in his bedroom asleep with the child, and the child removed his penis and stuck it in her vagina. And later when the police said that didn't make a whole lot of sense, he said what really happened was that he didn't want to lie anymore. He was drunk and mistook her for a grown woman.

After hearing the State's factual basis, the court asked Bias, "Did you commit those acts?" Bias replied, "Yes, ma'am."

¶18. Based on the plea-hearing transcript, we are satisfied that the trial court did not err in summarily denying Bias's PCR motion.

¶19. **AFFIRMED.**

8

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**