## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01186-COA

SHUNDRAY JOHNSON                                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                                     APPELLEE

DATE OF JUDGMENT:                 10/14/2022
TRIAL JUDGE:                      HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:        CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           SHUNDRAY JOHNSON (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 11/14/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Shundray Johnson appeals from the Clay County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). Finding no reversible error, we affirm the circuit court's order.

## FACTS

¶2.     A Clay County grand jury indicted Johnson for two counts of first-degree murder. During his jury trial, Johnson filed a petition to plead guilty to both counts. At Johnson's first plea colloquy, the circuit judge ensured that Johnson fully understood the constitutional rights he would waive by pleading guilty and that no one had threatened him or offered any inducement to persuade him to plead guilty. After the State presented a factual basis for both

indictment counts, Johnson stated that he felt responsible for the two victims' deaths, but he denied that he had murdered the victims, had instructed someone else to murder them, or was present when they were murdered. Based on Johnson's responses, the circuit judge halted the plea colloquy so that the trial could resume.

¶3. Following testimony from several more witnesses, the circuit judge allowed a recess. When proceedings resumed, the circuit judge stated on the record that Johnson's trial attorney had again informed him that Johnson wanted to plead guilty to the two counts of murder. The circuit judge noted that he had previously conducted a plea hearing but had not allowed Johnson to plead guilty due to concerns raised by Johnson's responses. Based on the concerns that arose during Johnson's first plea colloquy, the circuit judge conducted an entirely new plea hearing. After once more discussing with Johnson the constitutional rights he would waive by pleading guilty, the circuit judge asked, "Why are you pleading guilty to these two counts?" In response, Johnson stated, "Because I did it." Johnson then assured the circuit judge that no one had threatened him, offered him an inducement in exchange for his plea, or asked him to lie so that the circuit judge would accept his guilty plea. The circuit judge also inquired as to whether Johnson's attorney had properly advised him and whether Johnson was satisfied with his attorney's representation. Johnson responded affirmatively to each of the circuit judge's questions regarding the sufficiency of his legal representation.

¶4. After the State again provided a factual basis for the indictment counts, the following exchange occurred:

[The Court]: Is that what happened?

[Johnson]:     Yes, sir.

[The Court]:  You killed those two individuals?

[Johnson]:     Yes, sir.

Following the second plea colloquy, the circuit judge found that Johnson had knowingly, intelligently, and voluntarily entered his guilty pleas. The circuit judge accepted Johnson's guilty pleas and the State's recommendation to allow Johnson to plead as a non-habitual offender to both counts. The circuit judge then sentenced Johnson to two consecutive terms of life imprisonment in the custody of the Mississippi Department of Corrections.

¶5.     Johnson filed a timely PCR motion and argued that his guilty pleas were involuntary and that he was denied due process and equal protection under the law. He also filed an amended PCR motion in which he asserted an ineffective-assistance-of-counsel claim. The circuit judge entered an order and addressed Johnson's claim that his trial attorney had forced him to enter his guilty pleas. After reviewing all relevant documents, including the pleadings, the transcript from Johnson's plea hearings, and his petition to plead guilty, the circuit judge concluded that Johnson's claims lacked merit. As a result, the circuit judge entered an order denying Johnson's requested relief. Aggrieved, Johnson appeals.

## STANDARD OF REVIEW

¶6.     "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if the [circuit] court abused its discretion and the decision is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct.

3

App. 2017).

## DISCUSSION

### I.      Voluntariness of the Guilty Pleas

¶7.      Johnson asserts on appeal that he "had wanted to proceed with trial until its final resolution and had expressed that [desire] to counsel" but that his attorney erroneously "led him to believe that introducing plea(s) of guilty at that particular stage of the trial was procedural." As a result, Johnson contends that he involuntarily entered his guilty pleas. "[A] plea is binding only if it is entered into voluntarily. A defendant's guilty plea will be deemed involuntary if induced by fear, violence, deception, or improper inducements." *Varnado v. State*, 362 So. 3d 127, 136 (¶24) (Miss. Ct. App. 2023) (citations and internal quotation marks omitted).

¶8.      Johnson's sworn statements to the circuit court during his second plea colloquy directly contradict his PCR claim that his trial attorney somehow deceived or pressured him into entering his guilty pleas. During his second plea colloquy, Johnson informed the circuit court that his attorney had reviewed with him and explained to him each part of the plea petition and that he (Johnson) understood everything they had discussed. The circuit court reviewed each of the constitutional rights Johnson would waive by pleading guilty, including the right to a jury trial. Specifically with regard to Johnson's waiver of a jury trial, the circuit judge stated, "Now, if you wanted to continue this trial, [your attorney] would. And he's doing a fine job. But when you plead guilty, he doesn't have to go to trial on this case. Do you understand?" In response, Johnson answered, "Yes, sir."

4

¶9. At a later point during the plea colloquy, Johnson affirmed that his attorney had discussed the facts of the case with him, the State's burden of proof, and any defense to the charges against him. Johnson also avowed that he was satisfied with his attorney's assistance and that no one had offered him an inducement, threatened him, or persuaded him to enter his guilty pleas. Johnson also expressly stated under oath that no one had asked him to lie so that the circuit court would accept the guilty pleas. After Johnson admitted his guilt to the circuit court and the State provided a factual basis for the charges against Johnson, the State informed the circuit court of its plea agreement with Johnson. The circuit judge then asked Johnson directly whether the State's recommended plea agreement was the same one to which Johnson had agreed, and Johnson responded, "Yes, sir."

¶10. "This Court is entitled to place great weight on the sworn testimony of a defendant given at a plea hearing, and a defendant faces a rather high hurdle in recanting that testimony." *Varnado*, 362 So. 3d at 136 (¶28) (quoting *Baldwin v. State*, 923 So. 2d 218, 222 (¶11) (Miss. Ct. App. 2005)). "We also have held 'that a PCR movant may not rely solely on his own self-serving affidavit or otherwise unsupported allegations in his brief.'" *Smith v. State*, 354 So. 3d 396, 403 (¶25) (Miss. Ct. App. 2023) (quoting *McCray v. State*, 107 So. 3d 1042, 1046 (¶15) (Miss. Ct. App. 2012)). Here, Johnson has failed to present any evidence other than his own bare assertions to support his involuntary-plea claim or to overcome the "rather high hurdle in recanting" his sworn testimony before the circuit court. *Varnado*, 362 So. 3d at 136 (¶28) (quoting *Baldwin*, 923 So. 2d at 222 (¶11)). We therefore find this issue lacks merit.

5

## II. Request for an Evidentiary Hearing

¶11. Johnson also argues that the circuit court erred by failing to grant him an evidentiary hearing on his PCR claims. "A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing." *Smith*, 354 So. 3d at 404 (¶30) (quoting *Crockett v. State*, 334 So. 3d 1232, 1240 (¶26) (Miss. Ct. App. 2022)). "[A] defendant's PCR motion that 'meets basic requirements is sufficient to mandate an evidentiary hearing *unless* it appears beyond a doubt that the movant can prove no set [of] facts in support of his claim which would entitle him to relief.'" *Id.* at 403 (¶24) (quoting *Sanders v. State*, 846 So. 2d 230, 234 (¶13) (Miss. Ct. App. 2002)).

¶12. "[N]o hearing is required when, based on the record of the guilty plea hearing, it is clear that the petitioner is entitled to no relief." *Crockett*, 334 So. 3d at 1240-41 (¶26) (quoting *Bias v. State*, 245 So. 3d 534, 539 (¶17) (Miss. Ct. App. 2017)). Moreover, "to be entitled to an evidentiary hearing, a defendant must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the defendant, would warrant relief. This may not be accomplished through the defendant's own unsupported allegations." *Id.* (quoting *Huggins v. State*, 291 So. 3d 401, 405 (¶12) (Miss. Ct. App. 2020)).

¶13. As previously discussed, Johnson's allegations on appeal directly contradict his sworn statements to the circuit court during his plea hearing. In addition, the record reflects that Johnson provided no affidavits—either his own or others—to substantiate his claim regarding the involuntariness of his pleas or to demonstrate his entitlement to an evidentiary

hearing.  We therefore conclude that no abuse of discretion occurred in the circuit court's denial of Johnson's request for an evidentiary hearing.

## CONCLUSION

¶14.    Because we find no clear error or abuse of discretion, we affirm the circuit court's order denying Johnson's requested relief.

¶15.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**