# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-KA-00659-COA

**NIKEYIA HARPER**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/2022 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ZAKIA HELEN ANNYCE BUTLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| DISTRICT ATTORNEY: | WILLIE DEWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/21/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Nikeyia Harper was convicted by a Washington County Circuit Court jury of attempted statutory rape and the fondling of his twelve-year-old step-daughter Jane.[1]  The circuit court sentenced Harper to twenty years for the attempted-statutory-rape conviction and fifteen years for the fondling conviction to be served concurrently in the Mississippi Department of Corrections.  Harper was also ordered to pay a $1,000 fine.  After the denial of Harper's motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, Harper appealed.

---

[1] The victim's name has been changed to protect her identity.

¶2.     On appeal, Harper claims that (1) the circuit court erred by admitting inadmissible hearsay, and (2) he received ineffective assistance of counsel at trial. We affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     On November 30, 2016, twelve-year-old Jane's stepfather, Nikeyia Harper, yelled at her while driving her to school.[2] When one of Jane's teachers asked her what was wrong, Jane initially did not say anything. But then she disclosed that her stepfather had said some things to her that morning. Jane testified that when her teacher asked her if anything else was going on, she disclosed that her stepfather had touched her. Jane testified that one week before the incident at school she had finished washing dishes when Harper told her to lie on the kitchen floor. Harper then removed Jane's pants and rubbed her vagina with his hand. Then Harper removed his pants and attempted to insert his penis into Jane's vagina. Jane testified that her mother found them on the kitchen floor; however, Jane's mother did not testify at Harper's trial. Jane explained that her aunt subsequently took her to have a physical examination and to a forensic interview.

¶4.     During cross-examination, Jane testified her mother had been married to another man for nine years before marrying Harper. Jane testified that she thought of that man as her real father and was upset when he and her mother had divorced. However, Jane indicated that she had moved on, and she was not upset when Harper moved into the house. Finally, Jane testified that Harper had touched her "countless" times.

¶5.     Sonsheerae Butts, Jane's teacher, testified that on November 30, 2016, Jane was

_____

     [2] Jane was born in June 2004, and she was seventeen years old at the time of trial. Harper was born in December 1981.

visibly upset at school. Butts did not testify as to what specifically Jane told her, but she testified that Jane told her "what was going on with her" and her stepfather. As a result, Butts took Jane to the school counselor's office to report what Jane had told her. Butts explained that she was required by the Department of Education to report any type of abuse, so she called a child-abuse hotline to report the incident.

¶6. This apparently led to an investigation by the Washington County Sheriff's Department, and Jane was apparently referred to the Mississippi Children's Advocacy Center for a forensic interview. On December 13, 2016, Jennifer Weaver interviewed twelve-year-old Jane. The interview was recorded, but the recording was not admitted into evidence at trial. Additionally, an anatomical drawing was used during the interview. Weaver testified that Jane was very hesitant to answer questions and appeared very emotional. But Jane disclosed the abuse, and she identified Harper as her abuser. Weaver testified that in her expert opinion, Jane's behavior, demeanor, and statements were consistent with a child who had been sexually abused.

¶7. Harper testified in his own defense at trial. Harper's theory of defense was that Jane did not like him and that Jane's testimony was not true. However, after considering the evidence presented at trial, the jury convicted Harper of attempted statutory rape and fondling.

¶8. On appeal, Harper claims that the circuit court erred by admitting at least parts of Butts' and Weaver's testimony because they constituted inadmissible hearsay. Harper also claims that he received ineffective assistance because his trial counsel did not object to Butts'

3

and Weaver's testimony. Additionally, Harper claims that he received ineffective assistance because his trial counsel did not timely move for the admissibility of an allegation Jane purportedly had made that Harper maintained was false.

**DISCUSSION**

### I. Hearsay

¶9. Harper claims that the circuit court erred by admitting certain testimony from Butts and Weaver. Specifically, Harper claims that the circuit court erroneously admitted Jane's out-of-court statements through Butts and Weaver without determining whether the tender-years hearsay exception applied. Additionally, Harper argues that the circuit court's error was not harmless because without the testimony, the only evidence was Jane's version of events against Harper's version of events.

¶10. This Court "review[s] the admission of hearsay evidence for abuse of discretion." *Blocton v. State*, 340 So. 3d 384, 389 (¶14) (Miss. Ct. App. 2022) (quoting *Garcia-Lebron v. State*, 323 So. 3d 1159, 1165 (¶21) (Miss. Ct. App. 2021)). Because Harper did not contemporaneously object at trial, however, the assignment of error is waived and may only be reviewed for plain error. *Bliss v. State*, 326 So. 3d 1000, 1006 (¶23) (Miss. Ct. App. 2021). "The plain-error rule is only applied when a defendant's substantive or fundamental rights are affected." *Brisco v. State*, 295 So. 3d 498, 509 (¶23) (Miss. Ct. App. 2019) (citing *Foster v. State*, 148 So. 3d 1012, 1018 (¶20) (Miss. 2014)). "In such an analysis, we must determine whether 'the trial court has deviated from a legal rule; whether that error is plain, clear, or obvious; and whether the error has prejudiced the outcome of the trial.'" *Id*.

¶11.    Mississippi Rule of Evidence 801(c) defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial . . . ; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." "The threshold question when addressing a hearsay issue is whether the statement is actually hearsay." *Blakeney v. State*, 39 So. 3d 1001, 1010 (¶26) (Miss. Ct. App. 2010). Hearsay is inadmissible unless the law provides an exception. MRE 802; *see* MRE 803 (exceptions that apply regardless of whether the declarant is available to testify); MRE 804 (exceptions that apply only when the declarant is unavailable to testify).

¶12.    The tender-years hearsay exception is set forth in Rule 803(25) of the Mississippi Rules of Evidence, as follows:

> A statement by a child of tender years describing any act of sexual contact with or by another is admissible if:
>
> (A) the court—after a hearing outside the jury's presence—determines that the statement's time, content, and circumstances provide substantial indicia of reliability; and
>
> (B) the child either:
>
>> (i) testifies; or
>>
>> (ii) is unavailable as a witness, and other evidence corroborates the act.

"In determining whether an out-of-court statement by the declarant is admissible under this exception, 'the court must determine (1) that the declarant is a child of tender years and (2) that the time, content, and circumstances of the statement provide substantial indicia of reliability.'" *Austin v. State*, 282 So. 3d 545, 551 (¶18) (Miss. Ct. App. 2019) (quoting *Veasley v. State*, 735 So. 2d 432, 436 (¶14) (Miss. 1999)). "There is a rebuttable

5

presumption that a child under the age of twelve is of tender years." *Id*. (quoting *Veasley*, 735 So. 2d at 436 (¶16)). However, "[w]here the declarant is twelve years old or older, . . . there is no such presumption." *Id*. at (¶19) (citing *Veasley*, 735 So. 2d at 437 (¶16)). Under those circumstances, "the trial court must make a determination as to whether the declarant is of tender years." *Id*.

¶13. During Harper's trial, Butts was not asked about and did not testify as to any out-of-court statements Jane made. The prosecutor stated, "I'm not going to ask you what specifically [Jane] told you," and Butts broadly testified that Jane told her "what was going on with her" and her stepfather. Butts testified that she took Jane to the school counselor's office and told the school counselor what Jane had told her. Butts explained that she was required by the Department of Education to report any type of abuse, so she called a child-abuse hotline, which ultimately led to an investigation. Butts' testimony was not offered to prove the truth of any of Jane's statements to her; "instead, it was offered to show the information upon which she took further action." *Barnes v. State*, 348 So. 3d 974, 985 (¶21) (Miss. Ct. App. 2022).

¶14. With respect to Weaver's testimony, the State contends that any hearsay testimony was admissible under Rule 803(4), titled "Statement Made for Medical Diagnosis or Treatment." "Admission of hearsay testimony pursuant to [this rule involves] a two-step analysis." *Mitchum v. State*, 164 So. 3d 477, 483 (¶25) (Miss. Ct. App. 2014). "First, the declarant's motive when making the statement must be consistent with the purpose of promoting treatment; and second, the statement's content must be such as is reasonably relied

6

upon by a physician in treatment." *Id*. (citing *Wilson v. State*, 96 So. 3d 721, 727 (¶16) (Miss. 2012)).

¶15.    Weaver was qualified by the State as an expert in forensic interviewing. She testified that Jane disclosed abuse and that her stepfather had abused her. However, she also testified about her observations of Jane during the interview, and she believed that Jane's behavior, demeanor, and statements were consistent with a child who had been sexually abused. Although the interview was recorded, the recording was not admitted into evidence at trial. As discussed, "[t]he admissibility of evidence rests within the discretion of the trial court, and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs." *Dandass v. State*, 233 So. 3d 856, 865 (¶25) (Miss. Ct. App. 2017) (quoting *Caves v. State*, 179 So. 3d 1175, 1180 (¶20) (Miss. Ct. App. 2015)). We do not find that the judge abused his discretion, thereby prejudicing Harper. *Id*. Accordingly, we do not find that the circuit court committed error, plain or otherwise.

¶16.    Because the testimony of Butts and Weaver did not constitute inadmissible hearsay, the circuit court did not err by failing to conduct a tender-years hearing or by admitting the testimony at trial.

## II.    Ineffective Assistance of Counsel

¶17.    Next, Harper claims that he received ineffective assistance of trial counsel. Specifically, Harper argues that trial counsel erred by failing to object to Butts' and Weaver's testimony. Additionally, Harper argues that he was not allowed to testify about a prior false allegation Jane had purportedly made because his counsel failed to timely move for its

7

admissibility.

¶18.    "This Court may consider the merits of a claim for ineffective assistance of counsel raised for the first time on direct appeal." *Melendez v. State*, 354 So. 3d 944, 953 (¶37) (Miss. Ct. App. 2023) (quoting *Metcalf v. State*, 265 So. 3d 1242, 1250 (¶35) (Miss. Ct. App. 2019)).  Nonetheless, "it is unusual to do so because we are limited to the trial court record in our review of the claim[,] and there is usually insufficient evidence within the record to evaluate the claim." *Id*.  As such, "the appropriate conclusion is usually to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief." *Id*.  The merits of an ineffective-assistance-of-counsel claim will be addressed on direct appeal when "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." *Id*. (quoting *Metcalf*, 265 So. 3d at 1250-51 (¶35)).  Additionally, "we may address such 'claims on direct appeal when the record affirmatively shows that the claims are without merit.'" *Id*. (quoting *Ross v. State*, 288 So. 3d 317, 324 (¶29) (Miss. 2020)).

¶19.    In an ineffective-assistance-of-counsel claim, "a defendant must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense.  The burden of proof rests with the defendant to prove both prongs." *Id*. at (¶36) (quoting *Renfrow v. State*, 202 So. 3d 633, 636 (¶7) (Miss. Ct. App. 2016)).  Additionally, "there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Id*.  "To overcome this presumption, the defendant must show that

8

there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

### A. Hearsay

¶20.    Harper claims that his trial counsel was ineffective for failing to object to Butts' and Weaver's testimony.  As discussed, the testimony of Butts and Weaver did not constitute inadmissible hearsay.  However, because the State does not stipulate that the record is adequate for review of Harper's claim and the record does not affirmatively show ineffectiveness or a meritless claim, we dismiss this issue without prejudice so that Harper may raise the claim in a properly filed motion for post-conviction relief.

### B. Prior Allegation

¶21.    Additionally, Harper claims that he received ineffective assistance of counsel because his trial counsel did not file a motion to introduce evidence of a prior false allegation Jane had purportedly made.  Harper seemingly argues that he was unable to present evidence supporting his theory of defense and that the evidence would have cast doubt on Jane's credibility.

¶22.    Under Mississippi Rule of Evidence 412(b)(2), a circuit court may admit evidence of "false allegations of sexual offenses made at any time before trial by the victim."  A defendant who intends to offer such evidence, however, must file a written motion with offered proof describing the evidence at least fifteen days before trial and serve all parties and the victim.  MRE 412(c)(1)(A)-(C).  The Mississippi Rules of Evidence further provide:

> When the offer of proof is sufficient, the evidence may be admitted only if the court:

(A) conducts a hearing in chambers to determine admissibility of the evidence;

(B) allows the parties to offer relevant evidence and call witnesses—including the victim—at the hearing;

(C) if the relevance of the evidence depends on whether a fact exists, determines—at this or a later hearing—whether the fact exists, notwithstanding Rule 104(b);

(D) finds that the probative value of relevant evidence outweighs the danger of unfair prejudice, except this subparagraph (D) does not apply when the evidence is offered under subparagraph (b)(1)(C); and

(E) makes an order that specifies:

(i) the admissible evidence; and

(ii) the areas about which the victim may be examined.

MRE 412(c)(2). "[T]he admission or exclusion of evidence is within the sound discretion of the trial court." *Young v. State*, 264 So. 3d 797, 803 (¶16) (Miss. Ct. App. 2018) (citing *Bell v. Stevenson*, 158 So. 3d 1229, 1237 (¶24) (Miss. Ct. App. 2015)).

¶23.    During a pre-trial hearing in 2021, Harper's counsel indicated that the defense would not attempt to admit a prior incident report into evidence at trial if Harper could testify as to the circumstances that led to the report. At a pretrial conference in March 2022, the State moved to exclude the report and any testimony regarding the alleged false allegations under Rule 412. The defense acknowledged that it had not filed a motion for admissibility within fifteen days before trial, and the circuit court asked Harper's counsel why the evidence should have been admitted notwithstanding his failure to comply with the notice requirement in Rule 412(c). Ultimately, the circuit court granted the State's motion to exclude the evidence. In his motion for JNOV or a new trial, Harper's trial counsel asserted that the

circuit court erred by "failing to allow the evidence of the dismissal of similar passed [sic] allegations made by the alleged victim."

¶24. In a previous case, this Court noted that "[t]he record [did] not indicate that even if [the defendant's] counsel timely filed the motion [under Rule 412] that the trial court would have found the offer of proof sufficient for a hearing; conducted a hearing; determined the evidence to be admissible; determined the evidence to be more probative than prejudicial; or admitted the evidence." *Young*, 264 So. 3d at 804 (¶16). Accordingly, this Court held that the Appellant failed to demonstrate "that but-for his counsel's failure to timely file the fifteen-day notice and motion, the result would have been different." *Id*. at 803 (¶16). Nevertheless, because the State does not stipulate that the record is adequate for review of Harper's claim and the record does not affirmatively show ineffectiveness or a meritless claim, we dismiss this issue without prejudice so that Harper may raise the claim in a properly filed motion for post-conviction relief.

## CONCLUSION

¶25. After a review of the record, we affirm Harper's convictions and sentences. With regard to Harper's ineffective-assistance-of-counsel claims, we preserve Harper's right to pursue his claims through a motion for post-conviction collateral relief if he so chooses.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**